**E-FILED**
Monday, 02 February, 2009  10:07:32 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES  DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **DEBRA K. HUBER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No. 07-2246** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

# REPORT AND RECOMMENDATION

In March 2007, Administrative Law Judge (hereinafter "ALJ") Barbara Welsch denied Plaintiff Debra Huber's applications for disability insurance benefits and supplemental security income benefits.  The ALJ based her decision on findings that Plaintiff was not disabled within the meaning of the Social Security Act and she is capable of performing a number of other jobs that exist in the national economy.

In January 2008, Plaintiff filed a Complaint for Judicial Review (#3) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the final decision by the Regional Commissioner of the Social Security Administration denying benefits. In July 2008, Plaintiff filed a Motion for Summary Judgment or Remand (#14).  She subsequently filed a Motion for the Court To Remand Her Case Pursuant to 42 U.S.C. § 405(g) – Sentence Six (6) (#16).  In September 2008, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#19).  The Court first considers Plaintiff's Motion for the Court To Remand Her Case Pursuant to 42 U.S.C. § 405(g) – Sentence Six (6) (#16).  After reviewing the administrative record and the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for the Court To Remand Her Case Pursuant to 42 U.S.C. § 405(g) – Sentence Six (6) **(#16)** be **DENIED**.

## I. Background

Plaintiff's proposed new evidence is a Stroke Residual Functional Capacity Questionnaire completed by Dr. Jerry Villaseñor on May 17, 2007.  (R. 389-91.)

## II. Standard of Review

Sentence six of 42 U.S.C. § 405(g) permits the Court to remand a case to the Commissioner "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  Evidence is considered "new" for purposes of Section 405(g) if it was not in existence or available to the plaintiff at the time of the administrative proceeding.  *Schmidt v. Barnhart,* 395 F.3d 737, 741-42 (7th Cir. 2005).  Evidence is considered "material" if there is a reasonable probability that the ALJ would have reached a different conclusion had the evidence been considered.  *Id.* at 742.  Thus, the evidence must relate to the claimant's condition during the relevant time period encompassed by the disability application under review.  *Id.*  Good cause exists where a claimant demonstrates a sufficient reason for failing to incorporate the evidence into the record during the administrative proceeding.  *Sample v. Shalala*, 999 F.2d 1138, 1144 (7th Cir. 1993).

## III. Discussion

Plaintiff seeks remand so that the ALJ can consider the questionnaire completed by Dr. Villaseñor.  Plaintiff contends that this report confirms the findings of her treating physician, Dr. Lianne Holloway (R. 349-51), because both doctors opined that, due to her depression, chronic pain, and complications resulting from her stroke, Plaintiff was incapable of tolerating even "low stress" jobs.  Dr. Villaseñor and Dr. Holloway are both associated with Aunt Martha's (Vermillion Area) Community Health Center.

Plaintiff contends that Dr. Villaseñor's report is new evidence because it did not exist at the time of the hearing in January 2007.  Plaintiff contends that the evidence is material because a reasonable possibility exists that the ALJ's decision would have been different if she had

considered the report.  Plaintiff contends that she had good cause for failing to present the report as part of the record before the hearing because Plaintiff had no way of knowing until after the ALJ's decision that the ALJ would disregard Dr. Holloway's opinion and Plaintiff's subjective complaints.

Defendant argues that the evidence is not material because there is no reasonable probability that the ALJ would have reached a different conclusion based on Dr. Villaseñor's report, which Defendant describes as "another conclusory, unsupported physician's opinion." (#20, p. 25.)  Defendant notes that the record contains no evidence that Dr. Villaseñor ever examined or treated Plaintiff.  Defendant also contends that the report is not material because Dr. Villaseñor did not relate his May 2007 assessment of Plaintiff's condition to the period before the ALJ's March 2007 decision.  *See Schmidt*, 395 F.3d at 742 (evidence that postdates the ALJ's decision is not material if it addresses only the claimant's "current condition, not . . . his condition at the time his application was under consideration by the Social Security Administration").  Finally, Defendant contends that Plaintiff has not shown good cause for waiting until after the ALJ's decision to obtain this evidence.

Because the Court finds that Plaintiff did not have good cause for failing to incorporate Dr. Villaseñor's report into the record during the administrative proceeding, it need not consider Defendant's other arguments.

Here, Plaintiff admits that she sought an opinion from Dr. Villaseñor to bolster Dr. Holloway's opinion only after she learned that the ALJ had disregarded Dr. Holloway's opinion and Plaintiff's subjective complaints.  That is not good cause.  If the fact that the ALJ disagreed with Plaintiff's doctors constitutes "good cause," then the finality and regularity of administrative proceedings would be fatally undermined every time a new lawyer believes additional evidence would be helpful.  This is the kind of conduct that Congress intended to avoid by requiring good cause:  "Congress plainly intended that remands for good cause should be few and far between, that a yo-yo effect be avoided-to the end that the process not bog down

and unduly impede the timely resolution of social security appeals." *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987) (referring to *Brown v. Schweiker,* 557 F. Supp. 190, 193 (M.D. Fla. 1983) (discussing legislative history)). The Conference Agreement discussing the amendment of Section 405(g) stated as follows:

> [T]here are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed . . . good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the court may review . . . .

H.R. Conf. Rep. No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S. Code Cong. & Ad. News 1277, 1407.


The circumstances here are similar to those in *Allen v. Secretary of Health and Human Services*, where the Ninth Circuit court found that the claimant "sought out new expert witnesses who might better support his disability claim" after he "was unsuccessful in the agency and district court hearings." *See Allen v. Sec'y of Health and Human Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984). The court stated that "the 'good cause' requirement would be meaningless if such circumstances were sufficient to allow introduction of new evidence." *Id.* Here, too, the desire to bolster a medical opinion to which the ALJ did not give controlling weight does not constitute good cause. Citing *Allen* approvingly, the Seventh Circuit court distinguished "good cause" from "sandbagging," which it described as conduct "by a claimant who loses and hopes to get another chance at obtaining benefits by bringing in new evidence." *Sears v. Bowen*, 840 F.2d 394, 399-400 (7th Cir. 1988) (finding good cause where the claimant's psychiatric history and problems, the nature of his visual impairments, and his reliance on others to read and explain letters and notices to him, in combination with his affidavit requesting an extension of time to file his appeal that indicated he believed that he already had an extension, that some evidence had already been submitted, and that he would be able to submit more evidence following additional eye surgery, and the fact that the claimant was represented by lay advocates, rather than legal counsel, "whose endeavors obviously left much to be desired.").

**4**

Based on the case law and the intent of Congress as indicated by the legislative history, the Court concludes that Plaintiff has not shown she had good cause for failing to provide Dr. Villaseñor's report earlier.  Accordingly, the Court recommends denying Plaintiff's motion.

### IV.  Summary

For the reasons set forth above, the Court recommends that Plaintiff's Motion for the Court To Remand Her Case Pursuant to 42 U.S.C. § 405(g) – Sentence Six (6) **(#16)** be **DENIED**.  The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten working days after service of a copy of this recommendation. *See* 28 U.S.C. 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 2nd day of February, 2009.

_____s/ DAVID G. BERNTHAL_____
U.S. MAGISTRATE JUDGE