**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **DEBRA K. HUBER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **Case No. 07-2246** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

# REPORT AND RECOMMENDATION

On April 27, 2009, Judgment was entered in favor of Plaintiff, Debra K. Huber, against the Defendant. The case was remanded to the Commissioner for further consideration pursuant to 42 U.S.C. § 405(g) Sentence 4. Thereafter, Plaintiff filed Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (#28). Defendant filed a response in opposition and with leave of court, Plaintiff filed a reply.

The parties agree that the Court may award attorney fees to a Plaintiff under certain circumstances. Specifically, the Plaintiff must be a prevailing party who filed a timely application for fees. The fees themselves must be reasonable. Finally, the Court must find that the position of the Defendant was not substantially justified. Here, Defendant acknowledges that Plaintiff is a prevailing party who has filed a timely application for fees. Defendant insists that no fees should be awarded because it's position was substantially justified. If the Court does award fees, the Defendant argues that the amount of the fees claimed should be reduced because that amount is not reasonable.

The undersigned has carefully reviewed the written submissions of the parties, as well as the Report and Recommendation and the Order approving it. Plaintiff raised multiple challenges to the decision of the Administrative Law Judge (hereinafter "ALJ"). The Court sided with Plaintiff on one of those points. As set forth in the Report and Recommendation:

>The ALJ did not explain why she rejected Dr. Howard's Mental RFC Assessment which stated (in narrative) that Plaintiff should be not be required to interact with the general public and (in the check-off section) that Plaintiff had moderate limitations in this area.  The ALJ relied on Dr. Howard's PRT report, which conflicted with other evidence in the record as well as being inconsistent with his Mental RFC Assessment.  Furthermore, it is unclear why the ALJ relied on the PRT form–which relates to Step Three findings–rather than the Mental RFC Assessment, which expressly addresses RFC.  The ALJ's lack of explanation means that the Court cannot perform a meaningful review of her decision regarding Plaintiff's limitations in social functioning.  This is particularly significant because most of the VE's proposed jobs appear to require interaction with the general public.  Accordingly, the Court recommends remanding this case for reconsideration so that the ALJ can explain her reasoning regarding Plaintiff's social functioning in light of the inconsistent opinions in Dr. Howard's reports.

(Report & Recommendation #22, p. 13.)

Certainly the Court found error as noted.  It ordered remand because of that error.  That makes Plaintiff a prevailing party; it does not necessarily mean that the Defendant's position was not substantially justified.  The Defendant bears the burden of persuading the Court that its position was substantially justified.  In its written response, it points out that the standard for determination is: "Whether the agency had a rationale ground for thinking it had a rationale ground for its action."  *Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir. 1994).

After reviewing the case as a whole, the undersigned is of the opinion that the position of the Government was substantially justified.  To hold otherwise in this case would equate prevailing party status with entitlement to fees.  That is not the law.

Because the position of the Government was substantially justified, Plaintiff is not entitled to fees under the statute.  Accordingly, I recommend pursuant to my authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act **(#28)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten working days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 26th day of August, 2009.

                                                      s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE