# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| **DEBRA K. HUBER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 07-2246 |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

# REPORT AND RECOMMENDATION

The United States Court of Appeals for the Seventh Circuit has reversed a prior order of this Court denying Plaintiff's Application for Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. The Court of Appeals determined that Plaintiff was entitled to an award of fees. It sent the case back to the District Court to determine the amount to be awarded.

In the initial briefing on the issue of Plaintiff's claim for an award of fees, Defendant challenged the reasonableness of the $8,224.50 fee claim. Given this Court's previous determination that Plaintiff was not entitled to fees, the reasonableness of the fees was not addressed. In light of the remand, that issue must be addressed.

Defendant's chief complaint is that the total time expended is excessive. Of particular concern to the Defendant is the 50.35 hours attributed to a paralegal identified as K. Pelech. In addition, the hourly rate of $100 sought for the work done by K. Pelech is challenged. The record indicates that Ms. Pelech was a law student during the time she worked on the case. While she was at the threshold of her legal career, she did have a work and educational background that involved writing.

The Commissioner does not point to any specific examples of duplication. The Commissioner does not point to specific entries in the time log (#28-3) reflecting intentional padding of the bill. Rather, the Commissioner seems to suggest an inefficiency in Plaintiff's counsel's handling of the case. The argument is not well developed. There is no suggestion as to the number of hours that should have been invested. The Commissioner generally suggests that K. Pelech lacked experience and therefore her part of the work took longer than necessary.

The Court has reached a different conclusion. The Court finds efficiency in the form of an experienced attorney with a higher hourly rate serving in the capacity of evaluator and over-seer. The system allows Plaintiff's counsel to handle more appeals and further allows him to maximize his skills and expertise while delegating other matters requiring less expertise to individuals whose hourly rate is less.

The hourly rate of $100 claimed for Ms. Pelech is also challenged. According to cases cited in Plaintiff's written submissions, Courts have upheld an hourly rate of $100 for law clerks. The survey results, attached as exhibits to the motion, support the claim. Defendant points to one listing showing $75 per hour to be the median hourly rate in Cook County. While that information is part of the record, other information in the exhibits supports the disputed hourly rate. Furthermore, the Court is mindful of the fact that the survey was a 2005 survey and the work done in the case was performed in 2007 and 2008.

The undersigned has carefully reviewed the written submissions related to the fees sought and determined that the time expended and the hourly rate is reasonable. As Plaintiff's counsel reminded the Court, he did not represent Ms. Huber prior to the litigation in this Court. As a result, it was necessary to review the entire record and analyze it for error prior to undertaking any drafting. The undersigned is familiar with the amount of time needed to resolve similar matters when they arrive fully briefed. These matters are time-consuming.

Having found the claimed fees reasonable, I hereby recommend pursuant to authority conferred to me under 28 U.S.C. § 636(b)(1)(B) that Plaintiff be awarded the sum of $8,224.50 under the EAJA as claimed by Plaintiff.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538 (7th Cir. 1986).

ENTER this 29th day of November, 2010.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE